The Memphis & Little Rock Railroad Com-
pany v. State of Tennessee.

Express Company. *Railroads. Privilege tax.* A railroad company which organizes an express company and carries on a regular express busi-ness as a part of the business of the railroad company, under the man-agement and control of its officers, and by its own agents, is subject to pay a privilege tax imposed by statute upon express companies.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.    J. O. Pierce, J.

W. G. WEATHERFORD and MORGAN & McFARLAND for Railroad Company.

S. D. WEAKLEY, Jr., and ATTORNEY-GENERAL LEA for the State.

FREEMAN, J., delivered the opinion of the court.

This case presents the question whether a railroad company, having an office, or offices in this State, is liable to pay a privilege tax, as an express company, where it organizes an express department, and carries on a regular express business, the same being conducted as a part of the business of the company, and under the management and control of its officers, and by its own agents.

The agreed facts show that early in the year 1880, the Memphis & Little Rock Railroad Company, organized and put in operation the express business over their road, and sending packages on beyond their own lines by express agency, in fact, proposed to do, as a company, the ordinary and well known business of an express company. The company gave public notice of this fact, and invited the public to give them their patronage in this business.

The taxes sought to be enforced are claimed to be due under the Code, sec. 553, sub-sec. 31, "all express companies, doing busines in the State of Tennessee, shall take out license from the comptroller, and pay over to him one thousand dollars for the privilege of doing business, and in addition, give bond to pay over one-half of one per cent on their income

from business done in this State." There are modifications in another section as to amount, but they are not important in the discussion of the questions before us. The acts of 1881, are of similar import and language, varying the amount of the tax: See Act 1881, pages 256 and 201.

The language of these acts, in designating what is to be taxed as a privilege under them is, the occupations and transactions that shall be deemed privileges, and be taxed, and not pursued without license are the following—enumerating them—among them, as we have seen, is express companies doing business in the State, etc.

The first question is, whether this language includes the railroad company, or the express business rather, carried on by such company in this State. We think beyond question it does. The purpose of the statutes is to tax the occupations and transactions mentioned. That the railroad company, nominally is engaged in the occupation, and engaged in the transaction of express business, is not questioned. The fact that the business is being conducted under the management of railroad officials, and by agents of railroads, can make no difference. They are not taxed for their privilege of doing a public business in our State, as common carriers. Why they might not be, however, we cannot see, as in this case, it is but an artificial citizen, so to speak, created by another State, and certainly cannot claim fairly, unless protected by contract or some other way, higher rights than natural citizens.

The fact is, this is but an express company, so far as this business is concerned, and is, as we have said, a railroad company that is also doing an express business, therefore an express company, so far as this occupation and these transactions are concerned.

Suppose this company should establish a banking house in one of our cities, and carry it on under the direction of its officials, and by agents appointed by the company. No one would seriously insist that such bank would be exempt from taxation as a banking company.

The real question is, are the legitimate functions of a railroad, and the express business identical, or are they distinct occupations and transactions, when considered as occupations, or businesses?

We do not deem it necessary to go into the cases, contradictory as they are, involving a contest in England between private carriers, and railroad companies, and in the United States, between express companies and railroad companies. A review of these cases will be found in American Law Reg., vol. 20, 591, et seq. It suffices to say, that both in fact, and on authority, we think it clear the two businesses are separate and distinct, having many likenesses, it is true, but differences so well marked, as to make them clearly distinguishable the one from the other.

We shall not undertake to enumerate the points of likeness or difference in this opinion. It suffices to say, the express company and express business may be conducted without the aid of a railroad at all, while the business of the railroad involves of necessity the

use of track, trains and all the complicate machinery included in the idea of the railroad business—a thing that may exist, or a business that may be carried on independent of, and without any connection with another thing or business, cannot be a necessary part of that other thing or business. This would be to assume that a thing or business could exist or be carried on without its necessary parts, or doing the business for which it is adapted and designed.

It is but just that this shall be the construction to be given our acts of assembly. Otherwise a company or individual engaged in the express business solely might be burdened, and would be burdened with taxes, while another company or individual organized, as in this case, in another jurisdiction, and existent then, under a different name, could establish its agencies here, and by calling its occupation a department of its other business, be allowed to enter fully into competition with the regular business, and pay no taxes at all.

It is not the name by which a business shall be called, nor agencies by which controlled, nor the fact that it may be connected with another and different business, that makes the occupation taxable—but the actual character of the occupation or business transacted. There can be no question that the occupation here, and the business done, is that of an express company, and as such, we have no doubt it is subject to be taxed for the exercise of the privilege, under our laws.

Without going into an extended discussion of the questions so ably argued by counsel, we have no doubt of the correctness of the conclusions above announced, and affirm the judgment of the court below, with costs.